IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TEVIN D. KIRBY, #Y45861, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 21-cv-00513-JPG ) |
| C. FALKENBARRY, BOBBI SMITH, and JACKSON COUNTY JAIL, | ) ) ) ) ) |
| Defendants. | ) |

## ORDER DISMISSING CASE

**GILBERT, District Judge:**

On May 27, 2021, Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff claimed he was denied medical care for medical issues attributable to mold exposure at Jackson County Jail. He requested money damages and medical attention. (*Id.*).

Plaintiff filed this action without prepaying the $402.00 filing fee or filing a motion for leave to proceed *in forma pauperis* (IFP). On May 27, 2021, he was ordered to do one or the other within thirty days (on or before June 28, 2021). (Doc. 3). Plaintiff was warned that failure to pay the filing fee or submit the motion to proceed without prepayment of the filing fee by the deadline would result in dismissal of the action without prejudice for failure to prosecute. (*Id.*) (citing FED. R. CIV. P. 41(b); *Sperow v. Melvin*, 153 F.3d 780, 781 (7th Cir. 1998)).

In addition, Plaintiff was ordered to file a First Amended Complaint on or before June 28, 2021, after he attempted to amend the original Complaint in piecemeal fashion. (*See* Doc. 5). He was reminded of his obligation to either prepay the full filing fee or file a properly

1

completed IFP motion by the same deadline. (*Id.*). Plaintiff was warned that failure to do so would result in dismissal of the action. (*Id.*).

Plaintiff missed the deadline for paying the filing fee or filing an IFP motion on June 28, 2021. He also failed to file an amended complaint. Given that Plaintiff has not complied with the Court's Orders at Documents 3 and 5, the Court will not allow this matter to linger any longer.

Accordingly, the action is **DISMISSED** without prejudice for failure to comply with Orders (Docs. 3 and 5) of this Court and for want of prosecution. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). This dismissal shall **NOT** count as a "strike" under 28 U.S.C. § 1915(g).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, so the fee of $402.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(A)(4). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Moreover, if the appeal is found to be nonmeritorious, Plaintiff may incur a "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  July 7, 2021**

                                                                             *s/ J. Phil Gilbert*
                                                                             **J. PHIL GILBERT**
                                                                             **U.S. District Judge**